IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CARLIE MANNING,**<br><br>       Plaintiff,<br><br>    v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, a foreign corporation,<br><br>       Defendant. | Case No. 3:24-cv-00025-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING THIS ACTION** |

Kristi Gifford, Callahan Law Office, 10423 SE 23rd Avenue, Milwaukie, OR 97222. Attorney for Plaintiff.

Michael J. Walker, Parks Bauer Sime Winlker and Fernety, LLP, 570 Liberty Street SE, Suite 200, Salem, OR 97301. Attorney for Defendant.

**IMMERGUT, District Judge.**

      Defendant State Farm Mutual Automobile Insurance Company removed this case from state court, ECF 1, and now moves to compel arbitration, Motion to Compel Arbitration ("Mot. to Compel"), ECF 6, and dismiss the proceedings, Motion to Dismiss and Alternative Motion to Stay Proceedings, ECF 7 ("Mot. to Dismiss"). Plaintiff Carlie Manning opposes arbitration and

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING THIS ACTION

dismissal. Plaintiff's Response in Opposition to Defendant's Petition to Compel Arbitration ("Pl.'s Resp."), ECF 11. This Court has jurisdiction under 28 U.S.C. § 1332(a).

## STANDARDS

The Federal Arbitration Act ("FAA")[1] provides that arbitration agreements "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Courts may decline to enforce an arbitration agreement if grounds "exist at law or in equity for the revocation of any contract." *Id.* Otherwise, courts must place arbitration agreements upon the same footing as other contracts. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). "Courts strongly favor arbitration and broadly construe arbitration clauses." *Sanders v. Concorde Career Colls., Inc.*, No. 3:16-cv-01974-HZ, 2017 WL 1025670, at *2 (D. Or. Mar. 16, 2017) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). "The standard for demonstrating arbitrability is not high." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

When evaluating a motion to compel arbitration, courts should determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys. Inc.*, 207 F.3d 1126, 1130 (9th Cir.

---

[1] Defendant claims that the Oregon Uniform Arbitration Act is applicable here. Def.'s Mot. to Dismiss, ECF 7 at 3–5. Defendant does not point this Court to any provision in the insurance policy, ECF 9, directing that Oregon substantive law applies to interpreting whether the parties mutually agreed to arbitration as provided for by the insurance policy. For her part, Plaintiff relies on case law applying the FAA in determining whether an agreement to arbitrate is valid and enforceable. *See, e.g.*, Pl.'s Resp., ECF 11 at 6 (first citing *Tapley v. Cracker Barrel Old Country Store, Inc.*, 448 F. Supp. 3d 1143 (D. Or. 2020); and then citing *Three Valleys Mun. Water Dist. v. E. F. Hutton*, 925 F.2d 1136 (9th Cir. 1991)). The FAA applies to arbitration agreements in any contract affecting interstate commerce, including insurance contracts. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); *Com. Enterprises v. Liberty Mut. Ins. Co.*, 958 F.2d 376 (9th Cir. 1992). Accordingly, this Court concludes that the FAA is applicable to an alleged agreement to arbitrate arising from the insurance policy's arbitration provision.

PAGE 2 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING THIS ACTION

2000). When determining the validity of an agreement to arbitrate, the courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citations omitted). If the court finds that there is a valid agreement and that agreement encompasses the dispute, then the court must enforce the arbitration agreement in accordance with its terms. Arbitration agreements may be invalidated by generally applicable contract defenses, such as duress or unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

## BACKGROUND[2]

Plaintiff had an automobile insurance policy from Defendant, which included coverage for underinsured motorists ("UIM"). ECF 9 at 3. In May 2021, Plaintiff, who was pregnant at the time, was involved in a car accident with a third-party, and she alleges that she suffered acute and long-term physical injuries. ECF 1-1 ¶¶ 5, 13; *see also* ECF 11-6.

On May 23, 2023, Plaintiff sent a letter to Defendant stating,

> [P]ursuant to ORS 742.504(12)(a)(B), Insured, [Plaintiff], hereby formally institutes and begins the process of arbitrating all disputes surrounding the claims related to the above referenced claim number for UIM benefits. [Plaintiff] demands, consents, offers and commits to arbitration of this claim. This formal institution of arbitration proceedings is consistent with [Defendant's] promise to [Plaintiff] that it consents to submit to binding arbitration if

---

[2] "On a motion to compel arbitration, the court applies a standard similar to the summary judgment standard applied under Rule 56 of the Federal Rules of Civil Procedure." *Stover-Davis v. Aetna Life Ins. Co.*, Case No. 1:15-cv-1938-BAM, 2016 WL 2756848, at *3 (E.D. Cal. May 12, 2016) (quoting *Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373 WBS GGH, 2011 WL 6702424, at *3 (E.D. Cal. Dec. 21, 2011)). So long as evidence presented could be made admissible at trial, this Court can consider it for purposes of resolving the motion to compel arbitration. Accordingly, the facts for this Section are derived from the Notice of Removal, ECF 1, and the exhibits provided by the parties, ECF 8, 9, 11.

> [Plaintiff] formally institutes arbitration proceedings with the time specified with the insurance policy.

ECF 8-1. Plaintiff ended the letter by requesting that Defendant "please assign counsel so that we may begin moving forward with the arbitration process." *Id.*

On May 31, 2023, Defendant responded that it was "working on assigning" counsel for the arbitration. ECF 8-2. By June 6, 2023, Defendant notified Plaintiff that it had hired counsel to represent it in the arbitration, and that counsel "confirm[ed] that [Defendant] does consent to binding arbitration pursuant to ORS 742.061" and stated that the parties could "discuss whether [Plaintiff] wants to proceed with one arbitrator or a three-arbitrator panel." ECF 8-3.

Plaintiff alleges that, sometime after these exchanges, Defendant "informed Plaintiff that she was not entitled to receive benefits under her UIM policy because the value of Plaintiff's damages, in Defendant's view, are within the policy limits available under [the third-party's] insurer." ECF 1-1 ¶ 9. In other words, while Defendant accepted coverage of the UIM claim, it disagreed with Plaintiff on the value of the claim.

On December 6, 2023, six months after sending the letter initiating arbitration, Plaintiff brought her UIM claim against Defendant in Oregon state court. ECF 1-1. In that case, Plaintiff seeks $1,020,000 in damages and attorney's fees. *Id.* at 6. Defendant timely removed. ECF 1.

## DISCUSSION

Defendant argues that this Court should compel arbitration of Plaintiff's UIM claim because Plaintiff instituted arbitration through her May 23, 2023 letter. Defendant also argues that this Court should dismiss Plaintiff's case if it orders arbitration. Plaintiff responds that (1) the parties never formed a valid agreement to arbitrate, (2) even if they did, that agreement does not encompass the claims at issue, and (3) any agreement they formed cannot be enforced because it is unconscionable. None of Plaintiff's arguments are availing.

PAGE 4 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING THIS ACTION

A.  **The Parties Agreed to Arbitration**

Plaintiff argues that, under Oregon law, no contract was formed regarding arbitration of her UIM claim because there was no offer, no acceptance, and no consideration. Pl.'s Resp, ECF 11 at 7–15.

As for the lack of an offer, Plaintiff contends that her letter stating that she "demands, consents, offers and commits to arbitration" was in fact only an effort to "preserve her statute of limitations" under O.R.S. 742.504(12)(a). Pl.'s Resp., ECF 11 at 8, 9. Plaintiff suggests that "[a]ny insurer with knowledge of the law surrounding this issue should know that [Plaintiff] did not intend to express an 'offer' to form a binding agreement to arbitrate her claims." *Id.* at 9–10.

Plaintiff's argument appears to be based on a misunderstanding of the relevant statute and case law interpreting it. The applicable subsection provides:

> [N]o cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:
>
> (A) Agreement as to the amount due under the policy has been concluded;
>
> (B) The insured or the insurer has formally instituted arbitration proceedings;
>
> (C) The insured has filed an action against the insurer; or
>
> (D) Suit for bodily injury has been filed against the uninsured motorist and, within two years from the date of settlement or final judgment against the uninsured motorist, the insured has formally instituted arbitration proceedings or filed an action against the insurer.

O.R.S. 742.504(12)(a)(A)–(D). As the Supreme Court of Oregon has explained, "The filing of a complaint . . . serves to begin the litigation process. Similarly, a party that wishes to satisfy the time limits of ORS 742.504(12)(a)(B) by formally instituting arbitration proceedings must explicitly offer to arbitrate or demand arbitration to expressly begin that process." *Bonds v.*

PAGE 5 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING THIS ACTION

*Farmers Ins. Co. of Oregon*, 349 Or. 152, 164 (2010). Plaintiff seems to interpret the statute and *Bonds* as "requir[ing]" her to institute arbitration proceedings in order to preserve her UIM claim, regardless of whether she intends to proceed via arbitration or litigation. *See* Pl.'s Resp., ECF 11 at 9. This is incorrect. By its terms, the statute offers parties options to preserve a UIM claim. If Plaintiff intended to litigate her claim, then the statute required her to file an action within two years of the date of the accident. Plaintiff cannot formally institute arbitration proceedings, and, after Defendant agrees to arbitrate, reverse course to pursue litigation.

As for the lack of acceptance, Plaintiff's arguments are unpersuasive. Plaintiff suggests that Defendant "fail[ed] to show an outward manifestation of intent to form a binding arbitration agreement with [Plaintiff]." *Id.* at 10. In particular, Plaintiff points to the language in Defendant's June 6 response, which states that Defendant "consent[s]" to arbitration pursuant to O.R.S. 742.061 and proposes that the parties may discuss whether to proceed with a single arbitrator or a three-arbitrator panel. *Id.* at 12; *see* ECF 8-3. Plaintiff argues that Defendant's responses did not constitute an acceptance, but these arguments fail for two reasons.

First, Defendant's reference to O.R.S. 742.061, which insulates an insurer from the possibility of owing attorney's fees in certain circumstances, does not nullify its acceptance of Plaintiff's offer of arbitration. The Oregon Court of Appeals rejected an argument similar to Plaintiff's. In that case, the insurer argued that by consenting to submit the case to arbitration it intended only to insulate itself under O.R.S. 742.061(3), not to formally institute arbitration proceedings under O.R.S. 742.504(12)(a)(B). *Paton v. Am. Fam. Mut. Ins. Co.*, 256 Or. App. 607, 610 n.2 (2013). The Court explained that the insurer's "intent [was] immaterial to whether its statement to plaintiff had the legal effect of 'formally institut[ing]' arbitration proceedings under the statute." *Id.* The same logic applies here. Assuming Defendant intended to invoke the

safe harbor provision of O.R.S. 742.061(3) in consenting to arbitration, that does not void its acceptance of Plaintiff's offer.

Second, by mentioning the possibility of proceeding with a single arbitrator rather than a three-arbitrator panel, Defendant did not condition its consent on the occurrence some future event. Rather, Defendant provided unconditional agreement to arbitrate, whether that be in front of a single arbitrator or a panel. *See Paton*, 256 Or. App. at 613; *see also Lewis v. Varde*, 322 Or. App. 746, 748 (2022) (explaining that a procedural defect, such as "[t]he parties' failure to designate an arbitrator for their dispute[,] did not render the arbitration provision unenforceable").

As for consideration, Plaintiff's general statements of law do not apply to the situation at hand. While Plaintiff is generally correct that consideration is required for contract formation, here there already was consideration given for the existing insurance policy. As Defendant explains, Plaintiff invoked that policy's arbitration provision, and no new consideration was required to do so. *See* Defendant's Reply in Support of Its Motion to Dismiss and Alternative Motion to Stay Proceedings, ECF 12 at 8 (citing *Liberty Mut. Fire Ins. Co. v. Hubbard*, 275 Or. 567, 570 (1976)).

\*   \*   \*

As provided for in the insurance policy, Plaintiff demanded arbitration, and Defendant consented to arbitration. Accordingly, this Court finds that the parties agreed to arbitration of Plaintiff's UIM claim.

**B. The Parties' Agreement Encompasses the Dispute**

Plaintiff next argues that, even if the parties entered into an arbitration agreement, that agreement does not encompass the dispute at issue. *See* Pl.'s Resp., ECF 11 at 15. In particular,

Plaintiff points to her request for attorney's fees and her negligence claim in her state-court complaint, for which an arbitration panel would be unable to decide and award relief. *Id.*; *see id.* at 4 (explaining that arbitration here is limited to determining (1) coverage and (2) damages).

As for the request for attorney's fees, Plaintiff is correct that an arbitration panel would have no authority to award attorney's fees under the insurance policy and the relevant statutory provisions, O.R.S. 742.504 and O.R.S. 742.061. But Plaintiff is incorrect about the effect of that conclusion on this analysis. If Plaintiff had intended to preserve her ability to recover attorney's fees, then Plaintiff was required to pursue her UIM claim through litigation from the outset. By instituting arbitration proceedings, Plaintiff limited her own recovery. This Court will not relieve Plaintiff of her agreement to arbitrate merely because she now hopes to seek attorney's fees.

As for her negligence claim, Plaintiff argues that she would be unable to pursue it in arbitration and therefore her claims are broader than what is arbitrable. To support the viability of her negligence claim, Plaintiff points to a recent case from the Supreme Court of Oregon, *Moody v. Oregon Community Credit Union*, 371 Or. 772 (2023), which addressed whether a plaintiff could maintain a negligence per se claim in an insurance dispute. There, the Court held, "[P]laintiff, as the surviving spouse of a deceased breadwinner, has a legally protected interest sufficient to support a common-law negligence claim for emotional distress damages against her husband's life insurer for failure to reasonably investigate and promptly pay her claim for insurance benefits." *Id.* at 805. The Court cautioned that its "decision in this case is a narrow one" that "does not make every contracting party liable for negligent conduct that causes purely psychological damage, nor does it make every statutory violation the basis for a common-law negligence claim for emotional distress damages." *Id.* at 805–06.

PAGE 8 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING THIS ACTION

"Although there is no Ninth Circuit authority directly on point here, other circuits have held expressly that whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint rather than the legal causes of action asserted." *Cho v. Casnak LLC*, Case No.: 2:22-cv-04642-JLS-AFM, 2022 WL 16894869, at *5 (C.D. Cal. Sept. 7, 2022) (collecting cases). Here, the factual allegations in Plaintiff's state-court complaint center on whether Defendant breached its contract with Plaintiff by failing to pay UIM benefits. *See* ECF 1-1 ¶ 9. The underlying dispute, then, goes to the value of Plaintiff's damages, which is within the scope of the arbitration clause in the insurance policy.

The underlying dispute alleged by Plaintiff is a disagreement over the damages due to Plaintiff, which is subject to the arbitration that Plaintiff instituted in May 2023. *See* Def.'s Reply, ECF 12 at 15–16. Having determined that the dispute between the parties is subject to arbitration, this Court declines to permit Plaintiff to assert a new tort claim in order to maintain an action in this Court and avoid arbitration.

**C. The Parties' Agreement Is Not Unconscionable**

Last, Plaintiff argues that enforcement of the arbitration agreement would be substantively unconscionable because it would violate her right to a jury trial and would conflict with Oregon's UIM statute. Pl.'s Resp., ECF 11 at 16–18. As for the jury trial right, such a right may be waived, including through an arbitration agreement. *See Barackman v. Anderson*, 338 Or. 365, 371 (2005) (en banc); *see also Hays Grp., Inc. v. Biege*, 222 Or. App. 347, 351 (2008). By instituting arbitration of her UIM claim, Plaintiff waived her constitutional right to a jury trial, and it is not unconstitutional to hold her to that waiver. As for conflicting with Oregon's UIM statute, this Court has already rejected Plaintiff's argument that O.R.S. 742.504 requires a

party to offer to arbitrate in order to preserve a claim for later litigation. That argument is likewise rejected here.

**D. Dismissal Is Appropriate**

Ninth Circuit precedent offers courts a choice—to "either stay [an] action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). Whether the FAA permits such a choice is currently pending before the Supreme Court. *Smith v. Spizzirri*, 144 S. Ct. 680 (2024). Until the Supreme Court rules otherwise, binding precedent in this circuit recognizes a court's authority to dismiss an action when the dispute is arbitrable, as it is here.

## CONCLUSION

Plaintiff instituted arbitration proceedings with regard to her UIM claim as allowed by her insurance policy and statute, and Defendant consented to arbitration. Defendant's Motion to Compel Arbitration, ECF 6, and Motion to Dismiss and Alternative Motion to Stay Proceedings, ECF 7, are GRANTED. This action is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 26th day of April, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge